UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS J. SKUPIEN, JR.,

          Plaintiff,

v.                                                      **DECISION AND ORDER**
                                                        13-CV-403S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

1. In this action, Plaintiff Thomas Skupian challenges an Administrative Law Judge's ("ALJ") determination that he was not disabled within the meaning of the Social Security Act ("the Act").

2. On August 19, 2010, Skupien filed concurrent applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act, claiming an inability to work due to disability beginning June 1, 2008. (R. 64-65, 126-36.)[1] His applications were denied on November 30, 2010. (R. 66-71.) Skupien then requested a hearing, which was held before ALJ David Lewandowski on February 28, 2012. (R. 27-57.) Skupien was represented by counsel at the hearing, at which he appeared in person and testified. (Id.)

3. The ALJ considered his applications *de novo* and, on March 26, 2012, issued a written decision finding Skupien was not disabled. (R. 14-22.) Skupien requested review by the Appeals Council, which denied the request on March 1, 2013.

---

[1] Citations to the administrative record are designated as "R."

He commenced this civil action on April 23, 2013, challenging the Commissioner's final decision.[2]

4.   On December 3, 2013 and December 4, 2013, respectively, Skupien and the Commissioner each filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 11 and 12.) The motions were fully briefed on February 6, 2014, at which time this Court took the matter under advisement.  For the reasons set forth below, the Commissioner's motion is denied, Skupien's motion is granted, and this case is remanded for further proceedings.

5.   A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Skupien v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[2] The ALJ's March 26, 2012 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

6. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

8. The five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which

3

   is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

   9. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

   10. In this case, the ALJ made the following findings with regard to the five-step process: (1) Skupien had not engaged in substantial gainful activity since June 1, 2008 (R. 16); (2) his degenerative disc disease of the lumbosacral spine, degenerative joint disease of the hips, generalized anxiety disorder, depressive disorder, and panic disorder with agoraphobia were severe impairments within the meaning of the Act (id.); (3) these impairments did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (id.); (4) Skupien had the residual functional

capacity ("RFC") to perform light work, except he was limited to work involving only simple instructions, simple repetitive tasks with the occasional need to learn new tasks, a simple regular schedule, occasional interaction with co-workers and supervisors, no interaction with the general public, and occasional simple decision-making, all in a low stress environment (defined as non-confrontational, no negotiations and no fast-paced production) (R. 18); (5) he was not able to perform her past relevant work (R. 20); and (6) jobs existed in substantial number in the national economy that an individual of his age, education, past relevant experience, and RFC could perform (R. 21).

11. Skupien contends the determination that he is not disabled is not supported by substantial evidence and is based on multiple errors of law. In particular, he maintains the ALJ: (a) erroneously failed to consider and weigh the opinion of state agency consultant John Schwab, D.O., (b) substituted his opinion in place of the medical evidence in making the RFC finding, which is not supported by substantial evidence; and (c) did not apply the appropriate legal standard in finding Skupien not fully credible. The first and second alleged errors relate to the RFC determination and will be discussed together.

12. An individual's RFC is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir.1999) (quoting SSR 96-8p, 1996 SSR LEXIS 5 at *5, 1996 WL 374184, at *2 (July 2, 1996)). In making an RFC assessment, the ALJ should consider "a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." Pardee v. Astrue, 631 F. Supp. 2d 200, 221 (N.D.N.Y. 2009)

(citing 20 C.F.R. § 404.1545(a)). "To determine RFC, the ALJ must consider all the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and [p]laintiff's subjective evidence of symptoms." Stanton v. Astrue, No. 07-CV-803, 2009 U.S. Dist. LEXIS 130826, 2009 WL 1940539, *9 (N.D.N.Y. June 4, 2009) (citing 20 C.F.R. §§ 404.1545(b)-(e)), aff'd, 370 Fed. Appx. 231 (2d Cir. 2010).

13. At issue here is the ALJ's treatment of a report from consultative examiner, Dr. Schwab, who conducted a physical examination on November 2, 2010. At the exam, Skupien stated that he had chronic low back pain with some radiation down the left lower extremity. Dr. Schwab found decreased lateral flexion of the lumbar spine and noted that an x-ray of the lumbosacral spine showed straightening, there was decreased sensation of the left lower extremity, and atrophy in the left calf. (R. 316-19, 320.) In a "Medical Source Statement," Dr. Schwab concluded that Skupien had "[n]o restrictions based on the findings of today's examination." (R. 319.)

14. Consultative examiners, such as Dr. Schwab are "acceptable medical sources," 20 C.F.R. §§ 404.1520, 616.902, whose findings must be evaluated "using all of the applicable rules in 20 C.F.R. §§ 404.1527 and 416.927[3] to determine the weight to be given to the opinion," SSR 96-5p, 1996 SSR LEXIS 2, at *15 (1996). The regulations expressly provide that the ALJ will "give good reasons in [the] notice of determination or decision for the weight [given to a medical] source's opinion." 20 C.F.R. § 404.1527(c)(2); see Colon v. Astrue, No. 11-CV-210A, 2013 U.S. Dist. LEXIS 72311, 2013 WL 2245457, at *11 (W.D.N.Y. Apr. 23, 2013), report and recommendation

---

[3] The Commissioner's regulations expressly provide that, "[r]egardless of its source, we will evaluate every medical opinion we receive," 20 C.F.R.§§ 404.1527(c), 416.927(c).

adopted by, 2013 U.S. Dist. LEXIS 71819, 2013 WL 2245457 (May 21, 2013) (ALJ abused discretion by entirely ignoring treating physician's assessment of claimant's ability to do work-related activities).

15. Here, the ALJ did not discuss Dr. Scwab's examination findings or opinion, nor did he indicate what weight, if any, he accorded the opinion. And, contrary to Dr. Schwab's generalized assessment of "no restrictions," the ALJ concluded that Skupien had the residual functional capacity to perform only light work, with the ability to frequently climb, balance, stoop, crouch, crawl, and kneel, and was otherwise restricted by mental impairments.

16. Skupien contends the ALJ's RFC analysis gives rise to numerous errors that warrant remand. He first maintains the ALJ abused his discretion in failing to consider and weigh Dr. Schwab's assessment. Further, Dr. Schwab's "no restrictions" opinion is inconsistent with his examination findings and the ALJ was required to reconcile the inconsistency or, if he could not do so, seek clarification from Dr. Schwab. This was particularly critical here, says Skupien, because rather than relying on an acceptable medical source, the ALJ improperly proceeded to evaluate "the raw medical data" to determine his RFC. And finally, the ALJ's decision not to evaluate Dr. Scwab's report created a gap in the record with regard to his functional limitations, such that the ALJ should have contacted an acceptable medical source(s) to obtain an assessment.

17. The Commissioner first responds that "the absence of a discussion of Dr. Schwab's opinion is, at most, a harmless error that would not change the ALJ's determination." (Docket No. 17 at 2.) It is true that courts have found an ALJ's failure to consider a medical source's opinion to be harmless error where "an analysis of weight

by the ALJ would not have affected the outcome." Ryan v. Astrue, 650 F. Supp. 2d 207, 217 (N.D.N.Y. 2009). Harmless error has been found, for example, where the report the ALJ did not consider was consistent with all the other medical testimony he did consider. Walzer v. Chater, No. 93 Civ. 6240, 1995 U.S. Dist. LEXIS 21825, 1995 WL 791963, at *9 (S.D.N.Y. Aug. 17, 1995). Our district also has recognized that "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." Walker v. Astrue, No. 08-CV-0828, 2010 U.S. Dist. LEXIS 64322, 2010 WL 2629832, at *7 (W.D.N.Y. June 11, 2010) (citation and internal quotation marks omitted). This Court concludes the circumstances of the instant case do not warrant a finding of harmless error.

     18.   The administrative record here does contain progress notes and test results from physicians who treated Skupien with, inter alia, lumbar facet injections, epidural injections, trigger point injections, and lumbar facet rhizotomy. (R. 212-278.) However, the ALJ's opinion does not discuss these treatment records and, in any event, the records do not include a medical source statement or RFC opinion that would shed light on how Skupien's physical impairments affected his ability to perform work-related exertional and postural functions. In sum, this is not a situation where it can be said the ALJ considered some, but not all, of the reports from acceptable medical sources and, because the treating physicians' records provide little evidence concerning Skupien's ability to perform work-related functions, there is no sound basis from which the ALJ could made a common sense judgment about functional capacity.

19. Here, the ALJ discussed only three diagnostic tests—a CT scan and two MRIs of the lumbar spine showing, inter alia, disc bulges and degenerative changes—and the records of Nurse Practitioner Veronica Mason, who prescribed Skupien's pain medication in and after January 2010. (R. 18.) The ALJ simply noted that prescribed medication diminished Skupien's lumbar pain, without side effects. It therefore appears, as Skupien contends, that the ALJ evaluated "raw medical data" relating to his lumbar spine and hips to determine his exertional and postural functional capacity. "[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who testified before him." McBrayer v. Sec'y of Health & Human Servs., 712 F.2d 795, 799 (2d Cir. 1983) (citation and internal quotation marks omitted).

20. The Commissioner next urges that the RFC is supported by the objective testing and, so long as the record contains an opinion from Dr. Schwab that does not contradict the RFC, there was no need to further develop the record. This Court finds that, absent some explanation or clarification, Dr. Schwab's generalized opinion of "no restrictions" does not comport with his findings of lumbosacral spine straightening, decreased flexion of the lumbar spine, decreased sensation of the left lower extremity, and atrophy in the left calf. Without an assessment that relates these diagnoses to specific residual functional capabilities, there is no basis from which to conclude that the conditions Dr. Schwab identified are consistent with an RFC for frequent climbing, balancing, stooping, crouching, crawling, and kneeling.

21. Under these circumstances, I conclude that the ALJ's physical RFC assessment is not supported by substantial evidence. See

at 690 ("[w]hen an ALJ denies benefits, [ ]he must build an accurate and logical bridge from the evidence to h[is] conclusion, . . . and [ ]he is not allowed to 'play doctor' by using h[is] own lay opinions to fill evidentiary gaps in the record") (internal quotations and citations omitted); House v. Astrue, No. 11-CV-915, 2013 U.S. Dist. LEXIS 13695, 2013 WL 422058 at *4 (N.D.N.Y. Feb. 1, 2013) ("[b]ecause there is no medical source opinion supporting the ALJ's finding that [plaintiff] can perform sedentary work, the court concludes that the ALJ's RFC determination is without substantial support in the record and remand for further administrative proceedings is appropriate"); Dailey v. Astrue, No. 09-CV-0099, 2010 U.S. Dist. LEXIS 122892, 2010 WL 4703599 at *11 (W.D.N.Y. Oct. 26, 2010) ("[w]ithout this additional medical evidence[,] [the ALJ], as a layperson, could not bridge the gap between plaintiff's [impairments] and the functional limitations that flow from these impairments"); Walker v. Astrue, No. 08-CV-828, 2010 U.S. Dist. LEXIS 64322, 2010 WL 2629832, *7 (W.D.N.Y.) (same), report and recommendation adopted by, 2010 U.S. Dist. LEXIS 64333, 2010 WL 2629821 (W.D.N.Y. June 28, 2010); Lawton v. Astrue, No. 08-CV-137, 2009 U.S. Dist. LEXIS 79021, 2009 WL 2867905, *16 (N.D.N.Y. Aug. 17, 2009) ("[t]he record in this [case] contains no assessment from a treating source quantifying plaintiff's physical capabilities, and thus there is no basis upon which the court can find that substantial evidence supports the ALJ's light work RFC determination"); Deskin v. Comm'r of Soc. Sec., 605 F. Supp. 2d 908, 913 (N.D. Oh. 2008) ("a remand is necessary to obtain a proper medical source opinion to support the ALJ's residual functional capacity finding").

22.    "As a general rule, where the transcript contains only diagnostic evidence and no [supporting] opinion from a medical source about functional limitations . . . , to

fulfill the responsibility to develop a complete record, the ALJ must recontact [an acceptable medical] source, order a consultative examination, or have a medical expert testify at the hearing." Id. at 912. Accordingly, I conclude that remand is appropriate to allow the ALJ to obtain a physical RFC assessment or medical source statement from an acceptable medical source concerning Skupien's physical capabilities.

23.   I have considered Skupien's argument of error with regard to his mental RFC and find it unpersuasive. Because further development of the record may impact the ALJ's credibility assessment, Skupien's argument of error in that regard need not be addressed at this time.

* * * * *

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED and this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:  July 11, 2014
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
